UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY OXINIO           Plaintiff,      v.   EQUIFAX INFORMATION SERVICES, LLC AND OCWEN LOAN SERVICING, LLC           Defendants. | No. 23 C 6658   Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Emily Oxinio brought this suit against Equifax Information Services, LLC ("Equifax") and Ocwen Loan Servicing, LLC ("PHH") alleging violations of the Fair Credit Reporting Act ("FCRA"). PHH moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 17. For the following reasons, that motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

1

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On December 28, 2022, Oxinio obtained her Equifax credit report and noticed that it reported a scheduled monthly payment amount of $1,543.00 in a tradeline associated with her PHH account ("Tradeline").[1] R. 1 ¶¶ 11, 13. This, according to Oxinio, was inaccurate, as the PHH account was closed, and she no longer had an obligation to make scheduled monthly payments to PHH. *Id.* ¶¶ 8, 18. A few weeks later, Oxinio sent a letter to Equifax disputing the Tradeline, explaining that the PHH account was closed, and she therefore did not owe a scheduled monthly payment. *Id.* ¶¶ 12–13. She asked Equifax to replace the scheduled monthly payment amount of $1,543.00 with $0.00. *Id.* at ¶ 13. Equifax received Oxinio's dispute letter on February 9, 2023, and forwarded it to PHH sometime thereafter. *Id.* ¶¶ 14–16. On March 14, 2023, Oxinio received another Equifax credit report, which showed the Tradeline still reporting a scheduled monthly payment of $1,543.00. *Id.* ¶ 17. Oxinio

---

[1] A "tradeline" is an individual entry on a consumer's credit report. *Rhone v. Med. Bus. Bureau, LLC,* 915 F.3d 438, 440 (7th Cir. 2019).

claims that PHH willfully and/or negligently failed to investigate and correct the inaccurate information. *Id*. ¶¶ 23, 30. She seeks damages for the "credit and emotional damages" she has suffered. *Id*. ¶¶ 19–20.

**Discussion**

The duties of data furnishers like PHH upon notice of a dispute are set forth in 15 U.S.C. § 1681s-2(b). In short, the statute requires a furnisher to "investigate and review disputed information forwarded by a credit reporting agency for completeness and accuracy, and then send verified or amended data back to the agency." *Frazier v. Dovenmuehle Mortgage, Inc.*, 72 F.4th 769, 775 (7th Cir. 2023). Information is inaccurate if it is "(1) patently incorrect, or (2) materially misleading, including by omission," that is, "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id*. at 776 (citations omitted).

Accordingly, to state a claim for a violation of Section 1681s-2(b), Oxinio must plausibly allege that (1) she disputed an inaccuracy by notifying Equifax; (2) Equifax contacted PHH to alert it to the dispute; and (3) PHH failed to adequately investigate and correct the inaccurate information. *MacDonald v. Servis One, Inc.*, No. 21 C 6070, 2022 WL 1641722, at *3 (N.D. Ill. May 24, 2022). As detailed previously, that is precisely what Oxinio alleges here.

PHH's only argument to the contrary is that Oxinio does not plausibly allege the information in the Tradeline was inaccurate. Specifically, PHH argues that it is neither inaccurate nor misleading for a credit report to include historical payment terms where an account is marked as closed. PHH's argument is flawed in two ways.

3

First, the argument requires this Court to review in its entirety a credit report that it does not have. In reply, PHH claims the Tradeline "shows (1) the reporting is from 2022; (2) there is no outstanding balance[;] and (3) the account is closed and paid." R. 24 at 4. But there are no credit reports in the record. Instead, the Court is left with Oxinio's allegations. Oxinio does not allege that the account was marked as closed, the balance was indicated as zero, or the monthly payment amount was labeled as "historical." All Oxinio alleges is that the PHH account *was* closed, and that the Tradeline reflected a scheduled monthly payment of $1,543.00. That makes this case materially distinguishable from those cited by PHH, which featured credit reports indicating a closed account or zero balance. *E.g.*, *Martin v. Equifax Info. Servs., LLC*, No. 4:19-CV-3691, 2020 WL 1904496, at *2 (S.D. Tex. Apr. 17, 2020) (it was not inaccurate to report historical monthly payment terms when an account was labeled "charged off" and "closed"); *Gibson v. Equifax Info. Servs., LLC*, No. 5:18-cv-465, 2019 WL 4731957 (M.D. Ga. July 2, 2019) (closed credit report tradeline with a zero balance at the same time as a prior monthly payment amount was not misleading).

Second, as the Seventh Circuit recently clarified in *Frazier*, the focus of the accuracy analysis is on the content of PHH's response to Equifax. 72 F.4th at 776 ("[C]ompleteness or accuracy under § 1681s-2(b) is determined based on the information the data furnisher provides to the credit reporting agency."). Like the credit reports, there is nothing in the record indicating what information PHH gave Equifax. As such, the Court must rely on Oxinio's allegations alone. Oxinio alleges

4

that as of March 14, 2023, PHH "failed or refused to report" the Tradeline "with a scheduled monthly amount of $0.00" and "failed to direct" Equifax to remove the "inaccurate" and "erroneous scheduled payment amount" of $1,543.00. R. 1 ¶¶ 17, 24, 30. She further alleges that as of that date, she owed no scheduled monthly payment to PHH. *Id.* ¶ 13. The reasonable inference from these allegations is that PHH told Equifax in early 2023 that Oxinio presently owed a scheduled monthly payment of $1,543.00, when she in fact owed nothing. *See Barnes v. Equifax Info. Servs., LLC*, No. 1:21-CV-06399, 2023 WL 6388059, at *3 (N.D. Ill. Sept. 29, 2023) (denying motion to dismiss where plaintiff alleged that furnisher inaccurately reported its tradeline with an erroneous monthly payment). Moreover, Oxinio alleges that reporting a scheduled monthly payment "creates a false impression to potential credit grantors" that she "continues to have a scheduled monthly payment obligation for a debt when there is no such monthly obligation." R. 1 ¶ 18. Those allegations plausibly suggest that PHH furnished Equifax with inaccurate information and are therefore sufficient to state a claim.[2]

## Conclusion

For the foregoing reasons, the Court denies PHH's motion to dismiss. The parties are to submit a joint proposed discovery schedule by or before March 1, 2024.

---

[2] PHH argues in a footnote that Oxinio has failed to allege actual damages sufficient for Article III standing. The Court is not prepared to resolve this issue without the benefit of full briefing. Should PHH wish to challenge Oxinio's standing, it may file the appropriate motion along with a joint proposed briefing schedule.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: February 20, 2024